# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLOS LOUMIET,
    Plaintiff

v.

UNITED STATES OF AMERICA
    Defendant.

Civil Action No. 12-1130 (CKK)

## APPENDIX TO MEMORANDUM OPINION
(June 16, 2023)

The following numbered paragraphs are from Defendant's Statement of Undisputed Material Facts, ECF No. 109. In order to determine whether materials facts are genuinely in dispute, the Court has noted which paragraphs are undisputed, which paragraphs are simply claimed to be disputed, and which paragraphs are claimed to be supported by argument and/or citation to the record. The Court's notations and determinations are in bold below.

### DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

**I. OCC Procedures for Initiating Formal Investigations and Enforcement Actions**

1. The Office of the Comptroller of the Currency ("OCC") supervises national banks to ensure that they comply with the law and operate in a safe and sound manner. Declaration of Ronald G. Schneck ("Schneck Decl."), ¶ 1 (**Exhibit 1**); *see also* Declaration of C. Michael Rardin ("Rardin Decl."), ¶ 2 (**Exhibit 2**).

**Plaintiff Carlos Loumiet ("Loumiet") Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

2. When conducting bank examinations, examination staff occasionally discover information indicating that the bank may have engaged in a violation of law, a breach of fiduciary duty, or an unsafe or unsound banking practice. Schneck Decl. ¶ 5; Declaration of Gerard Sexton ("Sexton Decl."), ¶ 5 (**Exhibit 3**); Declaration of Kristin Merritt ("Merritt Decl."), ¶ 3 (**Exhibit 4**).

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

1

3. The examination staff refers any such information to the OCC's Enforcement and Compliance Division ("E&C"), which reviews the information and may request a formal Order of Investigation ("OOI"). *Id.*

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

4. E&C is a division of the OCC's Chief Counsel's Office and is responsible for conducting investigations and litigating enforcement actions. Sexton Decl. ¶ 2; Merritt Decl. ¶ 2.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

5. An OOI authorizes a formal investigation into whether a bank or institution affiliated party ("IAP") — for example, a bank's officer, director, employee, or independent contractor — has engaged in misconduct. Schneck Decl. ¶ 6.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

6. To obtain an OOI, E&C enforcement attorneys prepare a detailed memorandum outlining the facts and legal basis for the proposed investigation, and, after approval by the E&C Director and an Assistant Director, the memorandum is presented to the OCC's Washington Supervision Review Committee ("WSRC"). Sexton Decl. ¶¶ 5–6; Merritt Decl. ¶ 4.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

7. The WSRC is an advisory committee of eight senior OCC officials from a cross- section of disciplines within the agency that is responsible for ensuring that bank supervision and enforcement policies are applied consistently. Merritt Decl. ¶ 4; Sexton Decl. ¶ 4; Schneck Decl. ¶ 15.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

8. E&C attorneys present the proposed investigation at a WSRC meeting, and the WSRC then determines whether to recommend that the appropriate Senior Deputy Comptroller authorize an OOI. Sexton Decl. ¶ 6; Merritt Decl. ¶ 4.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

9. If approved, the Senior Deputy Comptroller signs a formal OOI, which memorializes the matter under investigation and authorizes E&C attorneys to subpoena documents and obtain sworn testimony from relevant sources. *Id.*

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

10. To obtain authorization to commence an administrative enforcement action against a bank or IAP, E&C attorneys follow essentially the same process just described for obtaining an OOI. Specifically, E&C attorneys prepare a detailed memorandum setting forth the facts and legal basis for the proposed enforcement action; the memorandum is reviewed by the E&C Director or an Assistant Director; if approved by those individua ls, E&C attorneys formally present the proposed action at a WSRC meeting; the WSRC determines whether to recommend the enforcement action; and the Senior Deputy Comptroller ultimately decides whether to accept the WSRC's recommendation and authorize the action. Sexton Decl. ¶ 17; Merritt Decl. ¶ 11.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

**II. The Adjusted Price Trades**

11. Hamilton Bank, N.A. ("Hamilton") was a national bank located in Miami, Florida before the OCC closed the bank in 2002 and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. Schneck Decl. ¶ 7.

**Loumiet Response: Undisputed; Loumiet asserts this paragraph is not material.**

**The Court's Determination: The Court accepts this as admitted.**

**A. The Reserve Requirement**

12. In 1998, the Russian economy was in a state of crisis, and Russian borrowers had a heightened chance of default on their debt obligations. Rardin Decl. ¶ 10; *see also* Ex. 3 ("FDIC Compl.") to the Declaration of William Smith ("Smith Decl."), ¶ 29 (**Exhibit 5**).

**Loumiet Response: Undisputed; Loumiet asserts this paragraph is not material.**

**The Court's Determination: The Court accepts this as admitted.**

13. In 1998, the OCC directed Hamilton to establish a reserve equal to 25 percent of the value of its Russian loans (approximately $3,125,000) in order to reflect the risk of default. Rardin Decl. ¶ 10; FDIC Compl. ¶¶ 29–30, 246–247.

**Loumiet Response: Undisputed; Loumiet asserts this paragraph is not material.**

**The Court's Determination: The Court accepts this as admitted.**

14. Instead of establishing the reserve, however, Hamilton's management later told the OCC that it sold its Russian loans at par (full face value). Rardin Decl. ¶ 10; FDIC Compl. ¶¶ 32, 37.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

**B. The OCC's Discovery of the Swap Transactions**

15. How Hamilton managed to sell its distressed Russian loans at par value when the Russian economy was in turmoil and the market value of Russian debt was substantially less than par was a key question for the OCC's 1999 safety and soundness examination of Hamilton ("1999 Examination"). Rardin Decl. ¶ 10.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

16. The examination team discovered documents and other information revealing that, at about the same time Hamilton sold its impaired Russian loans at par value, Hamilton purchased several debt securities at par value from the same counterparties, even though substantial market information showed that the securities were worth considerably less. Rardin Decl. ¶¶ 11-15; FDIC Compl. ¶¶ 42–45; Sexton Decl. ¶ 8; Merritt Decl. ¶ 6; Declaration of Lee Straus ("Straus Decl."), ¶ 4 (**Exhibit 6**).

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

17. In total, Hamilton overpaid by $22.2 million for the debt securities it purchased from WMB and Standard Bank. Rardin Decl. ¶ 16; FDIC Compl. ¶¶ 34, 195.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

18. Hamilton's three most senior officers—Chairman and Chief Executive Officer Eduardo Masferrer, President Carlos Bernace, and Chief Financial Officer John Jacobs—denied the existence of any connection between the purchases and the sales. Rardin Decl. ¶ 17; FDIC Compl. ¶ 38; Schneck Decl. ¶ 9.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

19. The OCC suspected that Masferrer, Bernace, and Jacobs were not being truthful and that the transactions were related in what are known as "assets swaps" or "adjusted price trades." Rardin Decl. ¶ 18; FDIC Compl. ¶ 46; Schneck Decl. ¶ 9.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

20. In an adjusted price trade, a party sells an asset with an embedded loss (*i.e.*, an asset that is worth less than its face value) at an inflated price and compensates the counterparty by paying an inflated price for another asset with an embedded loss. If the "buy" and "sell" sides of the transaction are improperly accounted for as separate and independent transactions, then it appears that the party avoided taking a loss on an asset that had a severely depreciated value. Rardin Decl. ¶ 18; Schneck Decl. ¶ 9; Straus Decl. ¶ 5.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

21. The OCC deems the use of adjusted price trading to conceal a loss on the sale of an asset to be an unsafe and unsound banking practice. Rardin Decl. ¶ 18.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

22. The use of adjusted price trading to hide losses and misrepresent an institution's true financial condition can also be a form of securities and accounting fraud. Straus Decl. ¶ 5.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

23. Hamilton accounted for the purchases and sales as separate and independent transactions, showing no loss on the sale of the Russian loans and no loss on the purchase of the Latin American and Asian securities. Rardin Decl. ¶ 19; FDIC Compl. ¶ 35; Schneck Decl. ¶ 8.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

24. Had the transactions been properly accounted for as swaps, Hamilton would have had to report a $22.2 million loss on the transactions, representing the amount it overpaid for the Latin American and Asian securities. Rardin Decl. ¶ 19; FDIC Compl. ¶ 34.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

**C. OCC Opens Formal Investigation into the Adjusted Price Trades**

25. Following standard procedure, the OCC's examination team prepared a comprehensive report of the findings from the 1999 Examination ("Examination Report"), setting forth in detail the suspected swap transactions. Rardin Decl. ¶ 20; Schneck Decl. ¶ 8.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

26. The Examination Report identified Hamilton's pattern of paying millions above market value and failing to record a loss on the transactions as an unsafe and unsound banking practice, a breach of the bank's fiduciary duty to its shareholders, and a violation of Generally Accepted Accounting Principles ("GAAP"). Ex. 1 to Rardin Decl., OCC's 1999 Examination Report of Hamilton Bank ("Examination Report"), at US0017704, US0017711, US0017723– US0017731.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

27. The Examination Report notified Hamilton that the OCC would initiate an enforcement action against the bank and evaluate the need for civil money penalties and criminal referrals against each member of Hamilton's board of directors, senior management, and the bank itself. Examination Report, at US0017706, US0017724, US0017733; Schneck Decl. ¶ 9.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

28. In June 2000, Senior Deputy Comptroller Leann G. Britton authorized E&C's request to amend an existing OOI into Hamilton (regarding possible money laundering and Bank Secrecy Act violations) to include a formal investigation of Hamilton's suspected adjusted price trades. Merritt Decl. ¶ 6; Sexton Decl. ¶ 9; Schneck Decl. ¶ 9.

6

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

**III. Greenberg Traurig's "Independent Investigation"**

**A. Hamilton's Retention of Greenberg Traurig**

29. The OCC shared its concerns about the suspected swap transactions with Hamilton's outside auditor Deloitte & Touche ("Deloitte"), which requested that Hamilton's audit committee retain "independent counsel" to investigate the true nature of the Russian loan transactions and whether Masferrer, Bernace, and Jacobs had lied to Deloitte and the OCC about them. Schneck Decl. ¶ 10; Rardin Decl. ¶ 22; FDIC Compl. ¶¶ 46–47.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

30. Hamilton's audit committee retained Greenberg Traurig LLP ("Greenberg") to conduct the independent investigation. Rardin Decl. ¶ 22; Schneck Decl. ¶ 10; Sexton Decl. ¶ 10; Merritt Decl. ¶ 7; Straus Decl. ¶ 6; FDIC Compl. ¶¶ 6–9, 50.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

31. Greenberg attorneys Robert Grossman and Carlos Loumiet led the investigation and were the principle [sic] authors of two reports—one on November 15, 2000 ("November 2000 Report") (**Exhibit 7**), and a follow-up report on March 14, 2001 ("March 2001 Report") (**Exhibit 8**). Schneck Decl. ¶ 11; Sexton Decl. ¶ 11.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

32. Grossman and Loumiet reported that there was "no clear evidence of an 'agreement' to swap or exchange financial assets" and "no convincing evidence that anyone at Hamilton intentionally misled [Deloitte] or the Audit Committee on those matters." November 2000 Report, at US0181612, US0181616.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own report.**

### B. The "Obvious" and "Clear" Conflict of Interest

33. Despite ultimately ruling in Loumiet's favor in the OCC's enforcement action against him, the Comptroller of the Currency observed in his July 27, 2009, Final Decision and Order that Greenberg and Loumiet had an "obvious" and "clear" conflict of interest when the law firm was retained to investigate the Russian loan transactions. *In re: Carlos Loumiet, Esq.,* No. OCC-AA-EC-06-102 (July 27, 2009), at 14–15 ("Comptroller's Final Decision), available at https://www.occ.gov/static/enforcement-actions/ea2009-253. pdf.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

34. In the summer and early fall of 2000, at roughly the same time Hamilton's audit committee retained Greenberg to impartially investigate the Russian loan transactions and whether Masferrer, Bernace, and Jacobs lied about them, Loumiet was personally advising the Hamilton officers on limiting their legal exposure related to a Consent Order sought by the OCC, which concerned those very same transactions. *See* Letter from Carlos Loumiet to Hamilton General Counsel J. Reid Bingham ("Bingham Ltr.") (**Exhibit 9**); Tr. of OCC Dep. of Carlos Loumiet ("Loumiet OCC Dep."), 36:20–38:23 (**Exhibit 10**); Ex. 1 to Straus Decl., Sept. 11, 2006 E&C Mem. to WSRC ("2006 WSRC Mem."), at US0277060–US0277061.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own letter.**

35. In a letter to Hamilton's General Counsel, Loumiet likened the OCC's regulatory actions to a "witch hunt." Bingham Ltr., at US0207947.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own letter.**

36. Grossman was securities counsel for the bank's holding company (Hamilton Bancorp), and he was principally responsible for advising Hamilton Bancorp on its securities filings, which had

failed to disclose the adjusted price trades. Tr. of OCC Dep. of Robert Grossman ("Grossman OCC Dep."), 114:15–19; 116:8–19 (**Exhibit 11**); 2006 WSRC Mem., at US0277060–US0277061; FDIC Compl. ¶¶ 62–63.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

37. In early 2001, Greenberg defended Hamilton's senior officers in one of several class action lawsuits brought by shareholders over the adjusted price trades while simultaneously investigating the officers' credibility concerning those same transactions. Loumiet OCC Dep. 99:18–25; 2006 WSRC Mem., at US0277060–US0277061; FDIC Compl. ¶¶ 82–83.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

**C. Greenberg's Whitewash "Investigation"**

38. Years later, on the subject of Greenberg's investigation into the adjusted price trades, the federal judge presiding over Masferrer's criminal trial asked in open court, "Do we know what they got paid for this whitewash?" Tr. of Jury Trial, *United States v. Masferrer*, No. 04-cr-20404 (Dec. 2, 2005), at 122:24–25, ("Masferrer Trial Tr.) (**Exhibit 12**) (emphasis added).

**Loumiet Response: Undisputed. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: The Court accepts this as admitted.**

39. Similarly, the Assistant United States Attorney handling Masferrer's criminal prosecution confirmed on the record that "quite frankly the Government's position is [Greenberg's investigation] was a whitewash." *Id.* 123:9–10 (emphasis added).

**Loumiet Response: Undisputed. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: The Court accepts this as admitted.**

40. The FDIC and the OCC concluded that Greenberg displayed a lack of impartiality in the investigation. FDIC Compl. ¶¶ 12–21, 120–127; 2006 WSRC Mem. at US0277060–US0277063.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

41. Greenberg associates Jordan Clark and John Varney assisted Grossman and Loumiet during the investigation. Loumiet OCC Dep. 53:21–54:4.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

11

42. Varney's notes from his initial meeting with Grossman and Loumiet to discuss the Hamilton investigation state, "did not want to show linkage." Handwritten Notes of John Varney, Undated, at 1 (**Exhibit 13**); FDIC Compl. ¶¶ 120–27.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9- 10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

43. Varney testified that, "It wasn't intended that anybody did not want to [show linkage.] My recollection is linkage would show swap bad fact. I think it's more accurate to say that we were hoping that we did not find bad facts . . . ." Tr. of FDIC Dep. of John Varney ("Varney FDIC Dep."), 85:9–21 (emphasis added) (**Exhibit 14**).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9- 10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

44. The FDIC and the OCC concluded that Greenberg suppressed key evidence material to the investigation. FDIC Compl., ¶¶ 98–151; Ex. 1 ("2004 WSRC Mem.") to the Declaration of Gregory F. Taylor ("Taylor Decl."), at US0232541–US0232543 (**Exhibit 15**); 2006 WSRC Mem., at US0277057.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's**

**Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

45. Grossman's notes of his interview with Hamilton President Carlos Bernace contain Bernace's admission that Hamilton "had to buy LA to get out of Russia because of market." Handwritten Notes of Robert Grossman, Sept. 17, 2000 ("Grossman Handwritten Notes"), at US0145621 (emphasis added) (**Exhibit 16**); Typed Notes of Robert Grossman, Sept. 17, 2000 ("Grossman Typed Notes"), at US0145982 (emphasis added) (**Exhibit 17**).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

46. Loumiet acknowledged that Bernace's statement could be evidence that Hamilton had to buy Latin American loans from the counterparties in order to sell Hamilton's Russian loans to the counterparties—a classic *quid pro quo*. Tr. of FDIC Dep. of Carlos Loumiet ("Loumiet FDIC Dep."), 194:6–14 (**Exhibit 18**).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See***

**Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10. Notably, this fact is derived from Loumiet's own testimony.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

47. Loumiet further acknowledged that Bernace's statement could be evidence that Hamilton personnel knew of a connection between the sale of the Russian loans and the purchase of the Latin American loans. *Id.* 195:10–17.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

48. Loumiet had no explanation for why he and Grossman failed to disclose in their investigation reports Bernace's admission that Hamilton had to buy "LA" (Latin American) loans "to get out of Russia because of market." *Id.* 194:16–195:8.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court**

14

**accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

49. Loumiet's notes of his interview with Bernace state, "'Morally' obligated to buy LA loans. Nothing in writing." Handwritten Notes of Carlos Loumiet, Oct. 4, 2000 ("Loumiet Handwritten Notes"), at US0209164 (**Exhibit 19**) (emphasis added).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own notes.**

50. Loumiet acknowledged that by "LA loans," he was referring to Latin American loans. Loumiet FDIC Dep., 137:15–20.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

51. When deposed by the FDIC in 2005, Loumiet did not deny that his notes reflect Bernace's statement to him that Hamilton was "'morally' obligated to buy [Latin American] loans. Nothing in writing." Loumiet FDIC Dep., 137:4–142:19.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

52. The word "morally" appears in Loumiet's notes in quotation marks. Loumiet Handwritten Notes, at US0209164.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own notes.**

53. Greenberg's reports did not disclose any information regarding whether Hamilton was morally obligated to purchase the Latin American loans. Loumiet FDIC Dep., 138:22– 139:6; Tr. of DOJ Dep. of Carlos Loumiet ("Loumiet DOJ Dep.") 206:13–16 (**Exhibit 20**); 2006 WSRC Mem., at US0277062.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See*

16

**Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

54. Loumiet testified that he had no explanation for why Greenberg's investigation reports did not disclose the statement "'Morally' obligated to buy LA loans. Nothing in writing." Loumiet FDIC Dep. 139:7–10.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

55. Greenberg possessed a complete copy of a September 21, 1998 fax from Hamilton to counterparty WMB confirming the adjusted price trade with WMB for the City of Moscow loan. Fax from J. Reid Bingham to Peter Batrouni ("Complete Bingham Fax") (**Exhibit 21**); Loumiet OCC Dep., 206:21–207:8.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly**

**contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

56. Bingham's fax was responding to WMB's offer of September 15, 1998 to engage in the adjusted price trade. November 2000 Report, at US0181620.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own report.**

57. Bingham's September 21 transmission to WMB included (1) a fax coversheet showing that Bingham sent a four-page fax; (2) a letter from Bernace to WMB stating that Hamilton would sell the City of Moscow loan to WMB, but would *not* purchase from WMB the Latin American and Asian debt securities; and (3) a letter from Jacobs to intermediary Morgan Grenfell confirming that Hamilton *would* buy the Latin American and Asian debt securities. *See* Complete Bingham Fax, at US0181699-US0181701.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

58. By including both letters in his fax to WMB, Bingham confirmed that Hamilton accepted WMB's offer, but would complete the adjusted price trade by purchasing the Latin American and Asian debt securities through a straw middleman, Morgan Grenfell. *Id.*; FDIC Compl. ¶¶ 103–109, 128–139.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

59. Grossman's notes describe this evidence as a "huge smoking gun." Grossman Handwritten Notes, at US0145633.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

60. Grossman and Loumiet did not disclose any concerns over "huge smoking gun" evidence in either of their investigation reports. FDIC Compl. ¶¶ 103–109, 128–139; November 2000 Report; March 2001 Report.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos***

*Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own report.**

61. Instead, the coversheet from Bingham's September 21 fax transmission was omitted and the remainder of the transmission was split into two separate annexes ("Annex III" and "Annex IV") in Greenberg's November 2000 investigation report. November 2000 Report at US0181622-US0181625; FDIC Compl. ¶¶ 128–139.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

62. When Deloitte, in response to Greenberg's November 2000 Report, observed that Annexes III and IV seemed to be part of the same fax transmission and inquired about the missing fax coversheet, Grossman and Loumiet claimed that Hamilton had an "informal policy of not retaining fax coversheets." Joseph Echevarria Mem. to File (Dec. 21, 2000), at US0181704 (**Exhibit 22**); Sexton Decl. ¶ 11.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

63. The FDIC and the OCC concluded that Greenberg accepted at face value the bank officers' false representations. FDIC Compl. ¶¶ 204–213, 237–248; 2004 WSRC Mem. at US0232545; 2006 WSRC Mem. at US0277062–US0277064.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

64. Hamilton knowingly paid millions over market value for the Latin American and Asian debt securities it purchased. Rardin Decl. ¶ 16; FDIC Compl. ¶¶ 34, 195.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

65. To explain why Hamilton would pay face value for debt securities worth considerably less, Grossman and Loumiet repeated in their November 2000 report what Masferrer, Bernace, and Jacobs had told them—namely, that Hamilton had a "practice" of buying investments at par

when it intended to hold the investments to maturity, and that Hamilton accordingly did not consider "the current market pricing or valuation of those loans." November 2000 Report, at US0181597.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

66. In fact, as reflected in Greenberg's November 2000 Report, according to the Hamilton officers, Hamilton actually *told the counterparties* that the bank "only" wanted to buy at par and "insisted" on paying full face value for the Latin American and Asian debt securities. November 2000 Report at US0181597, US0181600, US0181614 (emphasis added).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

67. Loumiet conceded that this purported practice of always buying and selling at par value despite opportunities to purchase assets at a cheaper price "was not a sensible business practice" because it is "[a]lways better to pay less for something than more." Loumiet FDIC Dep.271:3–10; 276:25–277:1.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's**

Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

68. Over the span of his long career as a banking attorney, Loumiet could not think of any bank other than Hamilton that supposedly had a practice of buying and selling investments only at par. *Id.* 277:2-9.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

69. Grossman conceded that it "generally doesn't make sense" to buy an asset at par when the market value of the asset is less than par just because the buyer intends to hold the asset to maturity. Tr. of FDIC Dep. of Robert Grossman ("Grossman FDIC Dep."), 75:25–76:16 (**Exhibit 23**).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See***

**Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

70. On November 30, 2000, Benton Moyer, who was a Hamilton director and a member of the bank's audit committee, wrote to other members of the board of directors:

I was not in [Hamilton Bank] at the time of the Russian transactions and therefore I will abstain from public comment on the Greemberg [*sic*] report. Nevertheless, for you only, I believe there was linkage and the transactions were done to avoid losses in Russia. No one in their right mind could have had the policy of buying and selling at par value only – least of all Eduardo who is not stupid in any sense. Nov. 30, 2000 Email of Benton Moyer to Hamilton Directors (**Exhibit 24**) (emphasis added).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

71. Hamilton Executive Vice President Adolfo Martinez, who, as head of International Marketing was responsible for business development and loan generation, was not aware of any policy under which Hamilton bought investments at par only where the bank intended to hold those investments to maturity. Tr. of FDIC Dep. of Adolfo Martinez ("Martinez FDIC Dep."), 8:20–25 (**Exhibit 25**).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See***

**Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

72. Martinez testified that such a policy would not make any sense, regardless of whether the investment is being held to maturity, because "[y]ou should negotiate the best possible price." *Id.*9:1–14.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

73. According to Martinez, when Loumiet interviewed him during Greenberg's "independent investigation," Loumiet never asked him whether Hamilton had a policy of buying assets only at par when the bank planned to hold those assets to maturity. *Id.* 9:15–23.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

74. Hamilton Assistant Treasurer Dwight McKey, who managed a $200 million portfolio of investments for Hamilton, was not aware of any policy requiring the bank to purchase investments at par where the bank intended to hold the investment to maturity. Tr. of FDIC Dep. of Dwight McKey ("McKey FDIC Dep."), 25:25–27:8 (**Exhibit 26**).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

75. McKey did not follow any such policy when managing Hamilton's $200 million investment portfolio, and he had never heard of any bank adopting such a practice in his twenty- year career in the securities industry. *Id.* 23:8–24:1; 28:7–29:1; 30:12–31:5.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

76. According to McKey, a policy of buying only at par would be "essentially the same" as deliberately paying sticker price for a car when it can be purchased for less. *Id.* 29:2– 20.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos***

*Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

77. Grossman and Loumiet identified McKey as one of the individuals Greenberg interviewed during the investigation. November 2000 Report, at US0181618.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own report.**

78. McKey testified under oath that he did not recall ever being interviewed by Greenberg. McKey FDIC Dep. 44:20–25.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court**

**accordingly assumes this fact to be admitted.**

79. Loumiet could not recall anything he did to test the accuracy of the Hamilton officers' representation that the bank had a practice of buying and selling investments only at par without considering fair market value. Loumiet FDIC Dep. 278:12–17.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

80. Loumiet could not recall finding any documentation that supported the Hamilton officers' representation that the bank had a practice of buying and selling investments only at par without considering fair market value. *Id.* 278:19–25.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

81. Loumiet personally did not make any effort to document whether Hamilton purchased and sold debt securities at par value before September 1998; nor did he know whether anyone at Greenberg did. Loumiet OCC Dep. 108:22–109:1.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

82. Loumiet could not identify any investment that Hamilton purchased or sold at par value before September 1998. *Id.* 109:2–4.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

83. Loumiet personally did not make any effort to determine whether Hamilton purchased and sold debt securities at the best available market price before September 1998; nor did he know whether anyone at Greenberg did. *Id.* 109:5–12; 115:13–21.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See***

**Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

84. Loumiet could not recall asking anyone at Greenberg if they made such an inquiry. *Id.* 109:13–16.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

85. Loumiet never asked Hamilton for a copy of the bank's written investment policy; nor did he know if anyone at Greenberg did. *Id.* 65:9–11.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court**

**accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

86. Hamilton's Lending and Investment Policy at the time of the Russian loan transactions Bank will seek the highest yields possible from its investment activities, consistent with market conditions, desirable levels of risks and maturity profiles." Hamilton Lending and Investment Policy, at US0001205 (**Exhibit 27**) (emphasis added).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

87. The FDIC and the OCC concluded that Greenberg downplayed contemporaneous documents that were strong evidence of an adjusted price trade. FDIC Compl. ¶¶ 158–177; 2004 WSRC Mem. US0232556; 2006 WSRC Mem. at US0277061 – US0277064.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

88. A September 28, 1998 internal memorandum written by Peter Kennedy (the "Kennedy Memorandum"), an officer for counterparty Standard Bank, is entitled "Hamilton Bank-Asset Swap." November 2000 Report, at US0181684–US0181687 (emphasis added).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

89. The Kennedy Memorandum described in detail how the adjusted price trade between Hamilton and Standard Bank, would be structured. *Id.*

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

90. Evidencing the *quid pro quo* arrangement between Hamilton and Standard Bank, the Kennedy Memorandum explained, "Only when we have cleared funds for the package of Latin American assets we are selling will we proceed with the purchase of the Mezcohmbank US$7,500,000." *Id.* at US0181684.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

91. The Kennedy Memorandum detailed the benefits to both parties in proceeding with the adjusted price trade and summarized Standard Bank's understanding of the benefits *Hamilton* sought:

Benefits to Hamilton in proceeding with the asset swap

- • They want to proceed with an IPO in 1999. To have defaulted Russian bank debt on their balance sheet next year would be "embarrassing".
- • Their main business is in Latin America. They will not have to mark-to-market the Latin American debt listed below but will simply hold the assets to maturity. No "loss" therefore needs to be accounted for.

*Id.* at US0181685.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

92. Grossman and Loumiet downplayed the Kennedy Memorandum's significance, stating "Hamilton's officers have told us that they never discussed the matters addressed in the Standard Bank memorandum with Peter Kennedy or anyone else at Standard Bank." *Id.* at US0181607; *see also* FDIC Compl. ¶¶158–177.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See***

33

Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

93. A September 17, 1998 internal memorandum from counterparty WMB (the "Bigelow Memorandum"), described the essence of the swap agreement between Hamilton and WMB. November 2000 Report, at US0181661.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

94. The memorandum states that Hamilton approached the New York agency of WMB to sell a "quantity of a City of Moscow Debt Instrument in exchange for Subordinated Debt Instruments issued by Standard Chartered and HSBC." *Id.* (emphasis added).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

95. The Bigelow Memorandum described additional details of Hamilton's adjusted price trade with WMB:

The proposed structure of the deal was for Hamilton to sell us the Moscow paper at par, rather than at the market value for .15. In exchange, they were willing to purchase from us a corresponding amount of the Standard Chartered/HSBC paper, valued at .60-70, also at par.

*Id.* (emphasis added).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

96. Grossman and Loumiet downplayed this document, stating "Hamilton's officers all advised us that they approached WMB to sell WMB Russian loans, that no pricing or relative values were discussed other than face value, and that the sales by Hamilton were not linked to or contingent upon any particular purchase . . . ." *Id.* at US0181604.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

97. Grossman and Loumiet also claimed that WMB's outside counsel, James Warnot, "advised [them] that no discussions of pricing or market value were held with Hamilton" — a claim that

35

was subsequently discredited by the sworn testimony of Ian Tweedley, the officer who was the primary contact point for the Russian swaps. *Id.* at US0181604.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

98. The FDIC and the OCC concluded that Greenberg employed a double standard for evaluating the evidence. FDIC Compl. ¶¶ 10, 18; 2004 WSRC Mem., at US0232556.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

99. The Greenberg attorneys employed a "convincing evidence" standard to evaluate whether the Hamilton officers misrepresented the nature of the Russian loan transactions to Deloitte or the OCC. November 2000 Report, at US0181616; Loumiet OCC Dep. 201:24–206:9.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See***

**Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

100. In terms of the evidence necessary to conclude that there was an agreement to engage in an adjusted price trade, Loumiet testified that he needed to see a written, legally- enforceable swap contract, complete with "reps and warranties," "covenants," "an incident of fault," "recourse," "jurisdiction," "governing law provisions" and the like. Loumiet OCC Dep. 164:15–165:22; Loumiet FDIC Dep. 163:7–9; 206:23–24.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

101. Loumiet testified that he did not "specifically focus on" the fact that if the bank officers engaged in an adjusted price trade, they had an incentive to suppress any documentation of it in order to avoid civil or criminal liability. Loumiet OCC Dep. 166:20–168:11.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own testimony.**

**IV. Re action to Greenberg's November 2000 Report**

102.	Deloitte rejected Greenberg's conclusion that there was no evidence of an adjusted price trade, finding that "there was clear evidence showing that swap transactions had occurred." Ex. 5 ("OIG Mem. of Activity - Echevarria Interview") to the Declaration of Richard K. Delmar ("Delmar Decl."), at US0000477 (**Exhibit 28**).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

103.	Deloitte required Hamilton to correct and refile its financial statements. *Id.*

**Loumiet Response: Loumiet asserts this paragraph is not material.**

**The Court's Determination: For the reasons set forth in the accompany Memorandum Opinion, Loumiet's failure to respond, or provide a record citation, in violation of Local Civil Rule 7(h), the Court assumes this fact to be admitted.**

104.	In December 2000, in connection with the OCC's formal investigation into the Russian loan transactions, E&C Attorneys Gerard Sexton and Kristin Merritt deposed Ian Tweedley, the WMB officer who was Jacobs's primary contact point for the transactions with WMB. Merritt Decl. ¶ 9.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent**

38

**final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

105.     On January 17, 2001, Ann F. Jaedicke, the OCC's Deputy Comptroller for Supervision Support, notified Loumiet that the OCC had obtained sworn testimony from Tweedley that directly contradicted the conclusions in Greenberg's November 2000 Report. Letter of Ann F. Jaedicke to Carlos Loumiet ("Jaedicke Letter"), at US0183693-US0183696 (**Exhibit 29**).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

106. Deputy Comptroller Jaedicke's letter notified Loumiet that WMB's outside counsel, James Warnot, represented Tweedley at the deposition, and that Tweedley testified that (1) Jacobs contacted him to propose an asset swap; (2) Jacobs acknowledged that the assets they discussed were not worth par value; and (3) the two men discussed the assets' pricing and market values. *Id.*; *see also* Ex.2toMerrittDecl.,Tr.ofOCCDep.ofIanTweedley("Tweedley Dep."), 14:14–15:17; 20:7–21; 28:3–9; 30:16–31:15; 38:5–21; 40:16–41:7; 50:3–18; 61:12–62:2.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See***

**Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

107. The letter observed that Tweedley's sworn testimony contradicted the statements Greenberg had attributed to Warnot in the November 2000 report and raised serious questions about the report's conclusions. Jaedicke Letter, at US0183695–US0183696.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

108. Loumiet and Grossman met with OCC representatives on February 8, 2001, at which time E&C enforcement attorneys read the relevant portions of the Tweedley deposition to the Greenberg attorneys. 2004 WSRC Mem., at US0232543.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly**

**contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

109. The enforcement attorneys also highlighted what the OCC believed were additional "red flags" that would cause any reasonable investigator to question the deals. *Id.* at US0232543–US0232544.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

110. In response to this information, Grossman and Loumiet issued their March 2001 Report, reaffirming the conclusions stated in November 2000 Report. March 2001 Report, at US0181583–US0181584.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted. Notably, this fact is derived from Loumiet's own report.**

111. Greenberg billed Hamilton approximately $210,000 for the firm's work (including work performed by ten different individuals) on the "independent investigation." Greenberg Investigation Billing Timesheets, at US0248147 (**Exhibit 30**).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in** *In re: Carlos Loumiet, Esq.***, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and** *Loumiet v. Off. of Comptroller of Currency***, 650 F.3d 796, 800, 802 (D.C. Cir. 2011).** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

**V. Loumiet's "Whistleblower" Letters to the Treasury Inspector General**

112. On March 26, 2001, Loumiet sent a letter ("March 2001 Complaint Letter") to then-Secretary of the Treasury Paul O'Neill and then-Treasury Inspector General Jeffrey Rush, Jr., containing allegations about the OCC's supervision of Hamilton and requesting that the United States Department of the Treasury, Office of the Inspector General ("OIG") open an investigation. Delmar Decl. ¶ 4.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

113. Loumiet's March 2001 Complaint Letter did not identify any particular OCC employee by name. *Id.* ¶ 4.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

114. Loumiet's March 2001 Complaint Letter was reviewed Richard K. Delmar, who was then Counsel to the Inspector General. *Id.* ¶¶ 3-4.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

115. On April 20, 2001, Loumiet sent a second letter addressed to Messrs. O'Neill and Rush, making additional allegations that unspecified OCC officials were behaving unprofessionally with respect to the examination of Hamilton. *Id.* ¶ 5.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

116. In response to Loumiet's letters, the OIG conducted a preliminary inquiry in order to determine whether a formal investigation was warranted. *Id.* ¶ 6.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

117. OIG Counsel Richard Delmar was responsible for coordinating the preliminary inquiry into Loumiet's allegations. *Id.*

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

118. On May 15, 2001, Loumiet visited the OIG's Washington, D.C. office and made a presentation to Delmar and other OIG officials, during which Loumiet reiterated the allegations that he made in his two letters. *Id.* ¶ 8.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

119. After the meeting with Loumiet on May 15, 2001, the OIG concluded that nothing raised in his presentation or letters warranted the exercise of the OIG's oversight function with regard to the OCC's supervision of Hamilton, and accordingly Loumiet was notified that the OIG would not conduct a further investigation. *Id.*

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

120. Other than the two complaint letters Loumiet wrote in March and April 2001, the OIG has no record of any other matters raised by or involving Mr. Loumiet. *Id.* ¶ 10.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

121. Greenberg billed Hamilton for the time Loumiet spent researching and drafting his "whistleblower" letters to the OIG and meeting with OIG officials in Washington, D.C. *See* Hamilton-Greenberg Billing Correspondence (**Exhibit 31**), at US0166066.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

**VI. FDIC's Complaint against Greenberg, Grossman, and Loumiet**

122. On January 11, 2002, the OCC closed Hamilton and appointed the FDIC as receiver. Smith Decl. ¶ 3; Rardin Decl. ¶ 26.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

123. The OIG determined that Hamilton's "unwillingness to recognize problems, patterns of resistance, and failure to comply with laws and regulations, or to take corrective action, contributed to Hamilton's losses and were significant factors in OCC's decision to place Hamilton in receivership." Dep't of Treasury Off. of Inspector Gen., MATERIAL LOSS REVIEW OF HAMILTON BANK, N.A.,at23 (Dec.17, 2002) ("OIG Material Loss Review"), *available at* https://permanent.fdlp.gov/ lps81616/ oig03032.pdf.

**Loumiet Response: Undisputed; Loumiet asserts this paragraph is not material.**

**The Court's Determination: The Court accepts this as admitted.**

124. The FDIC estimated Hamilton's failure cost the Bank Insurance Fund an estimated $148 million. FDIC Compl. ¶ 23.

**Loumiet Response: Undisputed; Loumiet asserts this paragraph is not material.**

**The Court's Determination: The Court accepts this as admitted.**

125. The FDIC, acting as receiver for a federally insured depository institution, has the statutory authority to investigate and, where appropriate, bring professional liability claims against directors, officers, and outside professionals who fail to fulfill their responsibilities to a bank. Smith Decl. ¶ 2 (citing 12 U.S.C. § 1821).

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

126. The FDIC exercised its statutory authority to investigate potential professional liability claims against officers, directors, and outside professionals arising from Hamilton's failure. Smith Decl. ¶ 3.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

127. As a result of the FDIC's investigation, on December 7, 2004, the FDIC's Board of Directors authorized the filing of a civil lawsuit asserting professional liability claims against Greenberg, Grossman, and Loumiet, including claims for legal malpractice and negligent misrepresentation. *Id.* ¶ 4.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

128. On May 16, 2005, the FDIC's Board of Directors authorized the addition of a fraudulent misrepresentation claim to the lawsuit previously authorized against Greenberg, Grossman, and Loumiet. *Id.* ¶ 5.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

129. The FDIC, with the express intention to commence a lawsuit against Greenberg, Grossman, and Loumiet, prepared a complaint asserting professional liability claims in connection with Grossman and Loumiet's "independent investigation" into the Russian loan transactions. *Id.* ¶ 6.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

130. In addition to other relief, the FDIC sought disgorgement of the $210,000 in fees Hamilton paid Greenberg for the "independent investigation." FDIC Compl. ¶ 307.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

131. Loumiet has "never claimed that the FDIC's complaint or investigation of [him was] retaliatory." Loumiet DOJ Dep., 113:12–15.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**


**VII. E&C Obtains Approval to Initiate a Debarment Against Grossman and Loumiet**

132. In 2002, attorney Gregory Taylor joined E&C as Counsel. In late 2003 or early 2004, E&C Assistant Director Robert Pasley assigned Taylor to review 11 boxes of documents that the OCC had obtained from the FDIC and determine whether any basis existed to take action against

Greenberg's attorneys for apparently facilitating a cover-up of crimes by Hamilton's senior officers. Taylor Decl. ¶ 3.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

133. Based on his analysis of the facts and applicable law, Taylor recommended a proceeding to censure Grossman and Loumiet under the agency's Rules of Practice and Procedure, which authorized disbarment from practice before the OCC for attorneys who engaged in "disreputable conduct." Taylor Decl. ¶ 7 (citing 12 C.F.R. § 19.196).

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

134. Taylor prepared a detailed, 39-page legal memorandum for presentation to the WSRC, discussing the factual and legal basis for an action to debar Grossman and Loumiet from practice

before the OCC on account of engaging in a "whitewash" of criminal activity perpetrated by Hamilton's senior officers. *Id.* ¶ 8.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

135. Assistant Director Pasley and then-E&C Director Brian McCormally approved the memorandum. *Id.* ¶ 9; Merritt Decl. ¶ 12.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

136. Under the OCC's policies and procedures, to obtain authorization for an action to censure the Greenberg attorneys, E&C was required to formally present the proposed action to the WSRC, which would provide its recommendation to the Senior Deputy Comptroller, who held the ultimate authority on whether to authorize the proposed action. *See supra*, ¶ 10; Schneck Decl. ¶ 14–15; Taylor Decl. ¶ 8; Merritt Decl. ¶ 4.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos**

*Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

137. E&C cannot initiate an enforcement action unless the WSRC first concurs and the Senior Deputy Comptroller authorizes the action. Schneck Decl. ¶ 16; Taylor Decl. ¶ 8.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

138. On August 5, 2004, the WSRC recommended in favor of E&C's proposed action to debar Loumiet and Grossman. Schneck Decl. ¶ 18; Taylor Decl. ¶ 10.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

139. Senior Deputy Comptroller for Midsize & Community Bank Supervision Timothy W. Long then authorized the debarment action. Schneck Decl. ¶ 18; Taylor Decl. ¶ 11.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

**VIII. Criminal Indictment and Conviction of Hamilton's Senior Officers**

140. In 2004, a federal grand jury indicted Masferrer, Bernace, and Jacobs on felony charges relating to the 1998 adjusted price trades. Ex. 2 to Sexton Decl., Federal Criminal Indictment of Masferrer, Bernace, and Jacobs ("Criminal Indictment").

**Loumiet Response: Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in the following numbered paragraphs of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

141. Bernace pleaded guilty to two counts of securities fraud. *See United States v. Bernace*, No. 04-cr-20404, at US0218333–US0218334 (**Exhibit 32**).

**Loumiet Response: Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in the following numbered paragraphs of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

142.     Jacobs pleaded guilty to one count of securities fraud and one count of obstructing the OCC's proceedings related to the illegal adjusted price trades. *See United States v. Jacobs*, 04-cr-20404 (Plea Colloquy), at US0218361–US0218362 (**Exhibit 33**).

**Loumiet Response: Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in the following numbered paragraphs of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

143.     The charges against Masferrer were tried to a jury. Sexton Decl. ¶ 19.

**Loumiet Response: Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in the following numbered paragraphs of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

144.     On the subject of Greenberg's "independent investigation" into the Russian loan transactions, United States District Judge Michael Moore inquired in open court, "Do we know what they got paid for this whitewash?" Masferrer Trial Tr., 122:24–25.

**Loumiet Response: Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in the following numbered paragraphs of Defendant's**

**Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact.** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

145.    Likewise, the Assistant United States Attorney handling the Masferrer prosecution confirmed on the record that "the Government's position is [the Greenberg investigation] was a whitewash." *Id.*at123:7–10.

**Loumiet Response: Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in the following numbered paragraphs of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact.** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicates collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

146. Loumiet acknowledges that the characterization of Greenberg's investigation as a "whitewash" is "consistent with what the OCC later said at [the] enforcement proceeding" brought against him. Loumiet DOJ Dep. 63:21–66:12.

**Loumiet Response: Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in the following numbered paragraphs of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact.** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

147. A jury found Masferrer guilty on all 18 counts of the indictment, and he was subsequently sentenced to thirty years' imprisonment. *United States v. Masferrer*, No. 04-cr- 20404 (Verdict Form) (**Exhibit 34**).

**Loumiet Response: Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in the following numbered paragraphs of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered in the criminal cases of Hamilton Bank Officers; he does not dispute the fact. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 8.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

## IX. E&C Obtains Authorization to Initiate Action for Civil Money Penalties and Personal Cease-and-Desist Orders against Greenberg, Grossman, and Loumiet

148. The FDIC and the OCC pursued their enforcement actions related to Greenberg, Grossman, and Loumiet independently, but shared evidence and other information on an as- needed basis. Merritt Decl. ¶ 15; Smith Decl. ¶¶ 1–6.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

149. At the FDIC's request, E&C deferred commencing any enforcement activity until the FDIC completed administrative discovery in its related case against Greenberg, Grossman, and Loumiet. Sexton Decl. ¶ 19; Merritt Decl. ¶ 15; 2006 WSRC Mem. at US0277058.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have**

been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

150. Greenberg, Grossman, and Loumiet ultimately settled and executed releases in connection with the FDIC's claims against them, with Greenberg agreeing to pay $7.6 million. Sexton Decl. ¶ 19; Merritt Decl. ¶ 15; 2006 WSRC Mem. at US0277058–US0277059.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

151. In May 2005, Lee Straus joined the OCC as an experienced trial attorney from the Department of Justice's Civil Division. Straus Decl. ¶ 1.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

152. Straus was assigned as the lead attorney to the Grossman and Loumiet matter, and was supervised by then E&C Assistant Director Sexton. Straus Decl. ¶¶ 7–9; Merritt Decl. ¶ 16.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009)**

and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

153. E&C Director Brian McCormally asked Straus to review the evidence and evaluate whether, in light of the higher standard of proof for debarment, E&C should consider withdrawing its recommendation that the OCC initiate a debarment action and proposing instead an action for civil money penalties and personal cease-and-desist orders against Greenberg, Grossman, and Loumiet pursuant to 12 U.S.C. § 1818. Straus Decl. ¶ 8.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

154. Debarment required proof that the Greenberg attorneys "knowingly" gave false or misleading information to the OCC, whereas an enforcement action under 12 U.S.C. § 1818 required only proof that the attorneys "knowingly or recklessly" engaged in misconduct. Straus Decl. ¶ 8; Merritt Decl. ¶ 18.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

155. Meanwhile, Straus and E&C attorney Kristin Merritt drafted "15-day letters" to Loumiet and Grossman, providing formal notice that the OCC was considering an enforcement action against them. Straus Decl. ¶ 17; Merritt Decl. ¶ 17.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

156. The 15-day letters detailed the factual and legal basis for an enforcement action and notified Grossman and Loumiet of their right to submit a written response. *Id.* ¶ 19.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

157. E&C Assistant Director Gerard Sexton approved the letters. Sexton Decl. ¶ 18.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the**

**Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

158.    Pursuant to a delegation of authority from the Comptroller, Director of Special Supervision Ronald Schneck signed the 15-day letters. Schneck Decl. ¶ 19.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

159.    Straus and Merritt reviewed the evidence and concluded that an action for civil money penalties and personal cease-and-desist orders was preferable not only because of the lower burden of proof, but also because such an action would have a greater deterrent effect on Greenberg, Grossman, Loumiet, and any individual who might attempt a similar "whitewash" investigation in the future. Straus Decl. ¶ 9; Merritt Decl. ¶ 18.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802**

**(D.C. Cir. 2011).** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

160. In contrast to a debarment action, which would only prevent Grossman and Loumiet from representing any financial institution before the OCC, an action for a civil money penalty would impose a financial sanction on Greenberg and its attorneys and provide deterrence to the repetition of other banking attorneys who might attempt a similar "whitewash" investigation in the future. Merritt Decl. ¶ 18; Straus Decl. ¶ 9.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

161. In accordance with the OCC's policies and procedures, Straus and Merritt prepared a detailed memorandum to the WSRC, withdrawing E&C's recommendation that the OCC initiate a debarment action and proposing instead an action for civil money penalties and personal cease-and-desist orders against Greenberg, Grossman, and Loumiet pursuant to 12 U.S.C. § 1818. Straus Decl. ¶ 10; Merritt Decl. ¶ 18; 2006 WSRC Mem.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

162. Assistant Director Sexton and then-E&C Director Richard Stearns approved the memorandum. Straus Decl. ¶ 11; Sexton Decl. ¶¶ 20–21; Schneck Decl. ¶ 21.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

163. On September 14, 2006, Straus formally presented the E&C's recommendation to the WSRC. Straus Decl. ¶ 12; Schneck Decl. ¶ 21.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

164. Establishing that Greenberg's failure to perform an honest investigation caused or was likely to cause "harm" to the bank was always the most difficult aspect of the case. Straus Decl. ¶ 12. E&C's memorandum discussed this issue in great detail and identified "institution- affiliated-party" (IAP) status, including the harm element, as "the greatest litigation risk associated with

58

the OCC's case against Greenberg, Loumiet, and Grossman[.]" Straus Decl. ¶ 12; Schneck Decl. ¶ 21; 2006 WSRC Mem., at US0277066.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

165. The WSRC unanimously recommended in favor of approving the enforcement action. Schneck Decl.¶21–22; Straus Decl. ¶15.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

166. On September 14, 2006, Senior Deputy Comptroller Long accepted the WSRC's recommendation and authorized E&C to initiate an action for civil money penalties and cease-and-desist orders against Greenberg, Grossman, and Loumiet. Ex. 4 to Schneck Decl., 2006 WSRC Meeting Minutes, at US0000009.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009)**

and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

167. Straus and Merritt prepared identical notices of charges against Greenberg, Grossman, and Loumiet. Straus Decl. ¶ 16; Merritt Decl. ¶ 21.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

168. E&C Assistant Director Sexton and E&C Director Stearns approved the notices. Sexton Decl. ¶ 23.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

169. Deputy Chief Counsel Daniel Stipano also reviewed the notices, and, on October 27, 2006, he sent an email message to E&C Assistant Director Sexton and E&C Director Stearns expressing approval. Ex. 3 to Sexton Decl., Oct. 27, 2006, Email from Stipano, at US0277534.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

170. Greenberg and Grossman settled with the OCC, with Greenberg agreeing to pay a civil money penalty of $750,000 and Grossman paying a civil money penalty of $175,000. Straus Decl. ¶ 17.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

171. When efforts to settle with Loumiet proved unsuccessful, the OCC filed a Notice of Charges against him on November 6, 2006. *Id.* ¶ 18.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

**X. Proceedings before the Administrative Law Judge**

172. E&C closely monitored a significant case, *In the Matter of: Grant Thornton LLP*, which had major implications for the action against Loumiet as an "institution-affiliated-party" ("IAP") under 12 U.S.C. §§ 1818, 1821. Straus Decl. ¶ 20; Merritt Decl. ¶ 17.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

173. The issue in *In re Grant Thornton* was whether a professional services company (an accounting firm, in that case) could be held liable as an IAP for conducting a reckless audit and failing to discover fraud by a national bank. Straus Decl. ¶ 20.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

174. ALJ Ann Z. Cook—the same ALJ presiding over the action against Loumiet— recommended dismissal of the charges in *Grant Thornton* on the basis that the accounting firm's audit, while erroneous, was not reckless. *Id.*

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos***

*Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

175. In December 2006, the Comptroller rejected the ALJ's recommendation in *Grant Thornton* and held the accounting firm liable as an IAP , providing further support for the OCC's action against Loumiet. *Id.*

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

176. The enforcement action against Loumiet proceeded through discovery and motion practice, with E&C Assistant Director Sexton or E&C Director Stearns approving all significant filings and litigation decisions. Sexton Decl. ¶ 24; Straus Decl. ¶ 19; Merritt Decl. ¶ 22.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly**

**that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

177. On January 17, 2007, ALJ Cook denied Loumiet's motion to strike and dismiss the OCC's charges. Sexton Decl. ¶ 24.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

178. Assistant Director Sexton praised the "[g]reat result" and the trial team's "[g]reat work." Ex. 4 to Sexton Decl., Jan. 17, 2007 Sexton Email, at US0277545.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

179. The ALJ subsequently denied Loumiet's summary judgment motion, and the case proceeded to trial in October 2007. Sexton Decl. ¶ 24; Straus Decl. ¶ 19–20; Merritt Decl. ¶ 22.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos***

*Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

180. The OCC issued a press release shortly before the trial. Press Release, *OCC Will Hold Hearing on Charges Against Carlos Loumiet, Esq.* (Oct. 3, 2007), *available at* https://www.occ.gov/news-issuances/news-releases/2007/ nr-occ-2007-107.html.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

181. The press release linked to the OCC's Notice of Charges and, as in the Notice of Charges, the press release stated that Greenberg collected "$1.16 million in fees from the bank and the holding company during 2001-02, and Mr. Loumiet received a share of these fees." *Id.*; *see also* Ex. 3 ("Notice of Charges") to Straus Decl., ¶ 66.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

182. Loumiet claims the press release "falsely" suggested that he earned part of the fees because he "left Greenberg [on May 1, 2001,] before most of that money was paid and [he] never saw a nickel of it[.]" Loumiet DOJ Dep., 93:1–10.

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

183. Grossman testified in this matter that a Greenberg partner's billing rate is openly shared with clients, is "not a secret," and "definitely [is] not equivalent to salary" because Greenberg attorneys "work on a draw." Grossman DOJ Dep., 26:4–27:15 (**Exhibit 35**).

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

184. In February 2008, the D.C. Circuit vacated the Comptroller's decision in *Grant Thornton* and held that the accounting firm could not be held liable as an IAP. *Grant Thornton, LLP v. OCC*, 514 F.3d 1328 (D.C. Cir. 2008); Straus Decl. ¶ 21

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9- 10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

185. ALJ Cook received post-trial briefing and heard oral argument on the impact of the D.C. Circuit's *Grant Thornton* decision on the OCC's enforcement action against Loumiet. Merritt Decl. ¶ 22.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9- 10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

186. In the interim, Straus was instructed by senior OCC management to no longer cite the Comptroller's 2006 decision in *Grant Thornton* as support for the OCC's enforcement action against Loumiet. Straus Decl. ¶ 21.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos***

*Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

187. E&C Director Stearns emailed the "first-rate trial team," acknowledging that they "worked very hard, put in long hours, and d[id] a terrific job in this case, pre-trial, during trial, and in post-trial briefing." Ex. 5 to Sexton Decl., Mar. 7, 2008 Stearns Email, at US0277536.

**Loumiet Response: Disputed without record citation. Loumiet asserts that the Defendant is collaterally estopped from relitigating the matters raised in this paragraph of Defendant's Statement of Undisputed Material Facts to the extent final judgments on the merits have been entered regarding Loumiet's actions in the Hamilton Investigation in *In re: Carlos Loumiet, Esq.*, Final Order FIRREA Decision, OCC–AA–EC– 06–102 at 17 (July 27, 2009) and *Loumiet v. Off. of Comptroller of Currency*, 650 F.3d 796, 800, 802 (D.C. Cir. 2011). *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 9-10.**

**The Court's Determination: For the reasons set forth in the accompanying Memorandum Opinion, Loumiet's blanket assertion, in violation of Local Civil Rule 7(h), incorrectly contending that the recitation of the facts implicate collateral estoppel, and accordingly that he disputes the facts in this paragraph, cannot be given credence, and the Court accordingly assumes this fact to be admitted.**

188. On June 17, 2008, ALJ Cook issued a decision recommending dismissal of the charges against Loumiet. *In the Matter of: Carlos Loumiet, Esq*, No. OCC-AA-EC-06-102, 2008 WL 11398993 (June 17, 2008).

**Loumiet Response: Undisputed**

**The Court's Determination: The Court accepts this as admitted.**

**XI. No Evidence of Retaliation or Conspiracy**

189. Rardin denies retaliating against Loumiet or conspiring with anyone to do so. Rardin Decl. ¶ 29.

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's**

Motion for Summary Judgment [111]. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. The only response by Loumiet that can be characterized as addressing this fact is paragraph 10 of his Statement, which cites to paragraphs in the declarations of Rardin, Schneck, Sexton, and Loumiet himself. The first three merely relate that they were involved in the matter in one form or another, with no reference to any proof supporting Loumiet's denial; Loumiet's declaration restates the gist of his Complaint,** *i.e.***, his supposition that there must have been retaliation because there is no other credible explanation. This is insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

190. Rardin denies Loumiet's allegation that he was angered or embarrassed by Loumiet's letters to the OIG. *Id.*

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111]. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

191. Taylor, who joined the OCC in 2002, maintains that the letters Loumiet wrote to the OIG "did not influence, in any way, [his] recommendation to [his] supervisors, and ultimately to the WSRC, that the OCC bring an enforcement action against the Greenberg attorneys." Taylor Decl. ¶¶ 2, 12.

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111]. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he**

**fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Taylor's declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

192. Straus affirms that "[n]o one ever suggested to [him] that we should go through the elaborate process of presenting a revised proposed action to the WSRC and obtaining authorization from the Senior Deputy Comptroller to retaliate against Mr. Loumiet for (a) writing two letters five years ago, or (b) a lawsuit filed by Hamilton." Straus Decl. ¶ 14.

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Straus' declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

193. Straus declares that Loumiet's "OIG letters and Hamilton's lawsuit were complete non-factors with regard to my recommendation for a revised proposed enforcement action." *Id.*

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Straus' declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and**

blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.

194. Straus does "not recall anyone mentioning Mr. Loumiet's letters or Hamilton's lawsuit at any point during the WSRC meeting." *Id.*

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Straus' declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

195. Sexton declares that "the action against Greenberg, Mr. Grossman, and Mr. Loumiet was vetted and approved by senior E&C and OCC management before it was initiated, and it abided by the OCC's policies and procedures." Sexton Decl. ¶ 26.

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Sexton's declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

196. The action against Loumiet "was no different from any of the hundreds of other cases [Sexton] was involved in or supervised during my more than 25 years with E&C" and was "predicated on the facts, legal analysis, and conclusions in E&C's September 2006 memo to the WSRC." *Id.* ¶ 27.

70

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Sexton's declaration or any other declaration that takes issue with this fact, other than Loumiet's own. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

197. "At no time in the consideration of the action against Greenberg or its attorneys did [Sexton] *ever* hear *any* reference to or discussion about Mr. Loumiet's 2001 OIG letters or a 2001 civil rights case filed on behalf of Hamilton." *Id.*

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Sexton's declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

198. Schneck denies retaliating or conspiring against Loumiet. Schneck Decl. ¶ 24.

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page**

**Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. The only response by Loumiet that can be characterized as addressing this fact is paragraph 10 of his Statement, which cites to paragraphs in the declarations of Rardin, Schneck, Sexton, and Loumiet himself. The first three merely relate that they were involved in the matter in one form or another, with no reference to any proof supporting Loumiet's denial; Loumiet's declaration restates the gist of his Complaint, *i.e.*, his supposition that there must have been retaliation because there is no other credible explanation. This is insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

199. Schneck denies Loumiet's allegations that he was angered or embarrassed by his letters to the OIG. *Id.*

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111]. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h), *see* Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. The only response by Loumiet that can be characterized as addressing this fact is paragraph 10 of his Statement, which cites to paragraphs in the declarations of Rardin, Schneck, Sexton, and Loumiet himself. The first three merely relate that they were involved in the matter in one form or another, with no reference to any proof supporting Loumiet's denial; Loumiet's declaration restates the gist of his Complaint, *i.e.*, his supposition that there must have been retaliation because there is no other credible explanation. This is insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

200. Schneck does not recall being aware of any letters Loumiet wrote to the OIG when he, as one of several WSRC members, recommended in favor of E&C's proposed action for civil money penalties and cease-and-desist orders against Greenberg, Grossman, and Loumiet. *Id.* ¶ 23.

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111]. *See* Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h), *see* Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence.**

**There is no citation to Schneck's declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

201. Schneck first learned of Loumiet's OIG letters around the time Loumiet filed this lawsuit. *Id.*

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Schneck's declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

202. Schneck recommended in favor of the enforcement action because he believed Grossman and Loumiet "ignored the evidence directly in front of them and instead conducted a whitewashed investigation of Hamilton's officers' illegal activity—the same activity that resulted in multiple criminal indictments and convictions." *Id.* ¶ 24.

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Schneck's declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**

203. Merritt maintains that the enforcement action against Loumiet "followed all applicable policies and procedures, was based solely on E&C's analysis of the facts and legal basis for the proposed action, and was not at all influenced by" Loumiet's letters to the OIG or Hamilton's civil rights lawsuit against the OCC. Merritt Decl. ¶ 23.

**Loumiet Response: Disputed without record citation; Loumiet asserts that this paragraph is disputed in his Statement of Genuine Issues, included in his Opposition to Defendant's Motion for Summary Judgment [111].** *See* **Loumiet's Response to Defendant's Statement of Undisputed Material Facts [111-19], at 23.**

**The Court's Determination: Despite Loumiet's violation of Local Civil Rule 7(h),** *see* **Memorandum Opinion, the Court nonetheless sought to determine from his 12-page Statement of Genuine Issues, included in his Opposition Memorandum [111], whether he fairly asserted a cognizable response to dispute this fact supported by record evidence. There is no citation to Merritt's declaration or any other declaration that takes issue with this fact. Moreover, there is no response or citation to record evidence by Loumiet in his Statement that can be characterized as responsive to this fact other than his speculation and the repetition of the unsupported assertions of his Complaint. His general denial and blanket reference to his Statement are insufficient to raise an issue of material fact and the Court concludes that this paragraph is therefore admitted.**